UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:04-CR-71 JD |
| ) | |
| DONALD E. GRIGGS ) | |

**OPINION and ORDER**

Now before the Court is Defendant Donald Griggs' amended motion [DE 546] filed on August 6, 2010, wherein Griggs seeks grand jury materials and a copy of the indictment in this case. The Government filed its response [DE 548], to which Griggs replied [DE 549], and the matter is ripe for ruling.

**I. Procedural History**

On July 15, 2004, a federal grand jury sitting in South Bend, Indiana indicted Rodger Griggs, Julie Griggs, Shawn Shroyer, Donald Griggs, Wayne Moore, Orin Aune, and James Conway [DE 1]. Relevant to these proceedings is the fact that Defendant Donald Griggs was charged only in count 7 of the indictment for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Defendants Aune and Conway pled guilty and a jury convicted the remaining defendants of all charges, which revolved around several schemes to defraud investors.

On November 30, 2006, Donald Griggs was sentenced to a term of sixty (60) months of imprisonment, two (2) years of supervised release, and was ordered to pay $5,243,864.74 in restitution [396]. The Seventh Circuit affirmed all of the convictions, *United States v. Griggs,* 569 F.3d 341 (7th Cir. 2009), and Donald Griggs' petition for a rehearing on his request for a writ of certiorari was denied by the Supreme Court on April 5, 2010, *Griggs v. United States*, 130 S.Ct. 2368 (2010).

On July 22, 2010, Donald Griggs filed a *pro se* letter [DE 544], which was liberally construed as a motion requesting that items be provided to him, including: (1) a copy of the indictment; (2) a list of the dates and times that the grand jury was in session relevant to his case, and the name of the United States attorney involved in the same; and, (3) a transcript of the grand jury proceedings, pursuant to Fed. R. Crim. P. 6(e)(3)(E). The Court denied Griggs' request with leave to file an amended motion that established the requisite showing consistent with *United States v. Campbell*, 324 F.3d 497, 498-99 (7th Cir. 2003), that specified the particular documents or parts of the grand jury proceeding needed, and that explained the particularized need for the documents [DE 545].

On August 6, 2010, Donald Griggs filed an amended motion [DE 546], and another request for a copy of his indictment [DE 547]. Therein, Griggs posits that the grand jury materials and the indictment are needed in order to prepare his timely petition under 28 U.S.C. § 2255,[1] based on the following claims: (1) Griggs has discovered "many improprieties by the United States Attorney's Offices within the Seventh Circuit Court system as regards to Grand Juries and the way they are conducted" which causes Griggs to question whether a violation of his constitutional rights occurred; (2) Griggs was allegedly informed by his defense counsel that the grand jury information

---

[1]Griggs clearly and unambiguously asserts that the materials are needed to prepare a future § 2255 petition [DE 544, 546]. Accordingly, the Court declines to construe the motion as a mislabeled § 2255 petition, because Griggs is not directly challenging his conviction and sentence, but he intends to do so in a future § 2255 petition. *See United States v. Scott*, 414 F.3d 815, 816-17 (7th Cir. 2005) (holding that the jurisdictional failing of not having the circuit's permission to pursue a successive collateral attack "makes it unnecessary for . . . [the Seventh Circuit] to consider whether the lack of a pending case in which the requested information could be used is a second jurisdictional failing"). Griggs realizes that he only gets "one chance to include all of the issues and possible issues" in the § 2255 petition, and he alleges that the grand jury materials are needed to support the claims he intends to raise in the petition [DE 549 at 2].

2

was not previously produced before trial, and thus, a *Brady*[2] violation or a Jencks Act violation[3] occurred because the information could have been used to assist defense counsel in the cross-examination of the witnesses during trial; and (3) the grand jury materials "will indicate that an essential element of the Crime for which the Defendant was indicted, tried, and convicted, that of Conspiracy under 18 U.S.C. § 371, was not met," namely that Griggs made an agreement to conspire with one or more members of the conspiracy. Griggs relies on *Dennis v. United States*, 384 U.S. 855 (1966), for his proposition that the grand jury proceedings should be ordered disclosed in this case [DE 546 at 2].

The Government timely filed a response objecting to Griggs' request [DE 548]. The Government argues that although the district court has the discretion to grant discovery upon the showing of "good cause" in the context of a habeas corpus proceeding, *see* Rule 6(a), Rules Governing Section 2255 Proceedings for the United States District Courts; here, Griggs' mere speculation that the Government acted inappropriately and/or withheld evidence is not a sound basis to direct discovery and disclose grand jury matters. *Id*. Further, the Government asserts that Griggs has failed to establish any particularized need that would allow access to the grand jury process. *Id*.

## II. Discussion

**A)** **<u>Grand Jury Materials</u>**

Federal Rule of Criminal Procedure 6(e) codifies the centuries-old requirement that grand jury proceedings be kept secret. *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996) (citation omitted). Our judicial system has recognized that the proper functioning of grand jury

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

[3]*See* 18 U.S.C. § 3500(e)(3).

proceedings depends upon their absolute secrecy. *Id.* By not safeguarding the confidentiality of grand jury proceedings, many prospective grand jury witnesses would be hesitant to come forward voluntarily and would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. *Id*.

However, the requirement of secrecy has its exceptions. Rule 6(e)(3)(E) states in relevant part: "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter: (i) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

The United States Supreme Court has instructed that parties seeking grand jury transcripts have the burden of showing that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222-23 (1979). One seeking disclosure of grand jury proceedings must demonstrate more than relevance, as "secrecy is not broken 'except where there is a compelling necessity' for the material." *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Such necessity "must be shown with particularity." *Id*.

Furthermore, in considering the effects of disclosure on grand jury proceedings, courts must consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil,* 441 U.S. at 222-23. Thus, even after the grand jury's term ends, the interests in grand jury secrecy, although reduced, are not eliminated.

4

*Douglas Oil,* 441 U.S. at 222-23; *Hernly,* 832 F.2d at 985. As the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing particularized need. *Id.*; *See Lucas v. Turner*, 725 F.2d 1095, 1107 (7th Cir. 1984) ("due to the dangers created by unwarranted disclosure to the safety and reputations of both grand jury witnesses and those under investigation, and indeed to the continued viability of the grand jury as an investigative tool, we do not believe the mere passage of time has significantly diminished the need for preserving the secrecy of the grand jury testimony").

Even in a case where a particularized need is established "the secrecy of the proceedings is lifted discretely and limitedly." *Lucas*, 725 F.2d at 1101 (quoting *Procter & Gamble*, 356 U.S. at 683). Our circuit has held that in determining whether the party requesting disclosure has met his burden, the district court has 'substantial discretion.' *Lucas*, 725 F.2d at 1101 (citations omitted).

As discussed, Griggs represents that the grand jury materials and indictment are needed to avoid a possible injustice in proceeding with his § 2255 petition. Griggs suggests that the dangers of disclosure are outweighed by the benefits of releasing the information because he questions whether, during the course of the grand jury proceedings, a violation of his constitutional rights occurred on account of Government improprieties, the Government committed a *Brady* or Jencks Act violation, and/or the Government failed to present evidence on every element of his conspiracy charge. It is on these grounds that Griggs specifically requests "the Grand Jury Transcripts for the underlying case, especially in regards to this Defendant and the witness testimony regarding this Defendant" [DE 546 at 2].

    1)    <u>Whether There Exists a Particularized Need to Disclose</u>

The Court must first consider whether the reasons Griggs provides for requesting the grand

5

jury materials are sufficient to demonstrate a particularized need.

As to Griggs' claim that United States Attorney office improprieties have occurred, Griggs does not identify the source of his information, describe the nature of the improprieties, or explain the facts which show how his rights were violated in *this* case by the alleged unspecified circuit-wide improprieties. Griggs relies on rumors relative to the overall grand jury system in the Seventh Circuit, and has not pointed to anything in the record which might suggest that the prosecutor in his case engaged in improper conduct before the grand jury. *United States v. Canino*, 949 F.2d 928, 943 (7th Cir. 1991) (citing *United States v. Edelson*, 581 F.2d 1290, 1291-92 (7th Cir. 1978) (mere unsupported speculation of possible prosecutorial abuse does not meet the particularized need standard)). Although Griggs does mention that the prosecutor may have used misleading terms and phraseology [DE 549 at 2], he does not identify the terms allegedly used or explain how the use of the terms may have affected the grand jury's decision to indict. Simply put, Griggs does not give any factual details which could remotely sustain a showing of particularized need. Because Griggs' claim is based on nothing more than an unsupported hunch that the United States Attorneys in this circuit have "taken liberties which are improper regarding grand juries" [DE 549 at 1], a particularized need for the grand jury materials has not been established.

As to the alleged *Brady* and Jencks Act violations, the government violates the *Brady* rule when it deliberately or inadvertently withholds evidence that is material and favorable to the defense. *United States v. Mahalick*, 498 F.3d 475, 478 (7th Cir. 2007). The *Brady* duty extends to impeachment evidence as well as exculpatory evidence. *Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010). Relative to the Jencks Act, it provides that "witness statements in the possession of the United States which relate to the subject matter as to which the witness testifies

6

shall be turned over to the defendant for examination and use." *United States v. Elem*, 269 F.3d 877, 882 (7th Cir. 2001) (quoting *United States v. Radix Laboratories, Inc.*, 963 F.2d 1034, 1039 (7th Cir. 1992)). Grand jury testimony by government witnesses who testified at trial are properly classified as Jencks Act material. 18 U.S.C. § 3500(e)(3) (including statements "made by said witness to a grand jury").

However, Griggs is unable to establish that *Brady* material was suppressed, because he does not specify what evidence he believes should have been disclosed or explain why the evidence was not available to him through the exercise of due diligence. *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (citing *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001) (evidence is suppressed for *Brady* purposes only if the prosecution failed to disclose the evidence before it was too late for the defendant to use it, and the evidence was not otherwise available to the defendant through the exercise of reasonable diligence)). Nor can Griggs complain about the suppression of Jencks Act material when he admits that he never previously requested the same. *United States v. Knapp*, 25 F.3d 451, 461 (7th Cir. 1994) (citing *United States v. Spatuzza,* 331 F.2d 214, 218 (7th Cir. 1964) (defendant must request production of materials under the Jencks Act)). Consequently, no violations occurred as to *Brady* or Jencks Act material.

Aside from these shortcomings in Griggs' argument, there lies a more fundamental problem with his request. Despite admitting that he has reread his entire trial transcript, Griggs identifies no facts which would suggest that the Government engaged in prosecutorial misconduct or the withholding of certain evidence in his case. For instance, he does not identify a single trial witness called by the Government wherein cross-examination was potentially affected by a *Brady* or Jencks Act violation resulting in prejudice. *See Elem*, 269 F.3d at 882 (defendants' argument that a Jencks

7

Act violation occurred failed for the same reasons as their *Brady* claim because no prejudice was shown by the government's failure to produce the grand jury testimony). Instead of indicating with particularity how certain trial testimony was potentially inconsistent with grand jury testimony or how a constitutional right was violated, Griggs' only expressed a belief that by reviewing the grand jury proceedings, he might find an instance where his defense counsel could have objected to a witness's testimony or further cross-examined the witness [DE 549 at 1]. These statements show no particularized need for grand jury materials, but rather only a generalized hope that Griggs might find some defect in the grand jury proceedings.

Essentially, Griggs characterizes the entire grand jury process which concerns him as "exculpatory evidence," so that he may engage in a fishing expedition for such helpful evidence. The Court finds that Griggs' argument based on evidentiary violations amounts to nothing more than unsupported speculation which is not enough to constitute a particularized need for the disclosure of the grand jury proceedings. *Canino*, 949 F.2d at 943 (citing *Edelson*, 581 F.2d at 1291-92); *see also United States v. Jumah,* 599 F.3d 799, 809 (7th Cir. 2010) (a defendant cannot demand a new trial based on mere speculation or unsupported assertions that the government suppressed evidence); *United States v. Roberts,* 534 F.3d 560, 572 (7th Cir. 2008) (mere speculation that a government file may contain *Brady* material is not sufficient to require remand for *in camera* inspection, much less reversal for a new trial) (citations omitted). Because Griggs has only offered mere speculation and conjecture that evidence introduced during the grand jury proceedings was materially favorable and suppressed, the Court finds no particularized need to order disclosure.

Griggs also raises the argument that one of the elements of the conspiracy charge brought against him was missing. Griggs claims that he has reviewed his trial transcripts and cannot find

8

any testimony made by a Government witness stating that Griggs agreed to conspire with the other defendants [DE 549 at 4]. This argument also fails to raise a particularized or compelling need for the grand jury materials for several reasons.

First, the Seventh Circuit previously rejected the argument that the trial evidence was insufficient to sustain the convictions. *Griggs*, 569 F.3d at 343 (noting that the defendants "claimed not to have known that they were participating in a fraudulent scheme . . . [b]ut avoidance behavior is itself evidence of guilty knowledge"). Second, as to the nature of the evidence presented to the grand jury, Griggs presents nothing but unsupported speculation that it was insufficient to support an indictment, and this will not overcome the presumption of regularity that attaches to grand jury proceedings, nor is it enough to require disclosure. *Canino,* 949 F.2d at 943 (mere unsupported speculation of possible prosecutorial abuse does not meet the particularized need standard); *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984) (finding that the defendant's unsupported speculation that, possibly, insufficient evidence was presented to the grand jury to sustain the indictment failed to overcome the presumption of regularity accorded to grand jury proceedings, or to demonstrate the "compelling necessity" necessary to require disclosure of grand jury proceedings). Third and finally, even if such an error had occurred, it would be harmless given Griggs' jury conviction at trial. *See United States v. Rosario,* 234 F.3d 347, 352 (7th Cir. 2000) (noting that any such error in the presentation of evidence before the grand jury would be harmless given the jury conviction at trial which indicates a proper grand jury proceeding would have still yielded an indictment) (citations omitted).

Based on the foregoing analysis, Griggs is unable to provide the detailed and concrete averments necessary to compel disclosure for the successful filing of a § 2255 petition. *See Lucas*,

725 F.2d at 1102. As such, the Court finds that without a showing of a particularized need for the requested grand jury materials, Griggs' request must be denied. *See Campbell*, 324 F.3d at 498-99.

        2)       <u>Whether the Need for Disclosure is Greater than the Need for Continued Secrecy</u>

This Court also declines to order disclosure of the grand jury proceedings because Griggs is unable to show that the need for disclosure is greater than the need for continued secrecy. *Douglas Oil,* 441 U.S. at 222-23. Griggs states that he needs the documents because he "believes that injustices may be perpetrated while he continues to try to prove his innocense . . . [and he] needs to verify with the information requested from the Grand Jury records" the violations that occurred, which will show that he is an innocent man [DE 549 at 2-3].

Again, Griggs merely alleges, without setting forth any specific facts, that he believes the evidence and witness testimony presented to the grand jury would contain information favorable to his case, and he needs to verify the same. Yet, "[g]rand jury testimony is not a substitute for proper discovery and should not be used as a panacea for improper, inadequate and untimely discovery." *Lucas*, 725 F.2d at 1106. And although the Court takes into consideration the fact that the grand jury in this case was discharged from its duty several years ago, the Court does not believe that the mere passage of time has significantly diminished the need for preserving the secrecy of the grand jury, when, as discussed herein, the reasons to lift the veil of secrecy are insufficient as they are based on mere speculation. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (the defendant was not entitled to disclosure because mere unsubstantiated speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy).

In a case like this, where there is no legitimately stated need for disclosure founded upon

identifiable facts, the continued viability of the grand jury as an investigative tool outweighs the alleged need for disclosure. Accordingly, disclosure of the grand jury proceedings is not permitted.

        3)        <u>Whether the Request is Structured to Cover Only the Material Needed</u>

Griggs' request must also be denied because it is not structured to cover only material so needed. Griggs wants access to the entirety of the grand jury proceedings relevant to him in the off chance that he might turn up helpful evidence. Specifically, Griggs asks for the "dates and times that the Grand Jury was seated; the United States Attorney's Office's representatives during those sessions for the period from January 1, 2003 until January 1, 2005; the name of the Grand Jury Foreperson; and the Grand Jury Transcripts for the underlying case, especially in regards to this Defendant and the witness testimony regarding this Defendant" [DE 546 at 2]. Griggs also states that "he should be entitled to examine all of the information and witnesses who have either testified for or against him in the preparation of his defense, which would include Grand Jury witnesses statements which might be classified as either Jenck's (sic) or Brady material" [DE 549 at 2].

Griggs made no attempt to limit his request to particular grand jury testimony. Rather, Griggs merely sought wholesale disclosure of all grand jury materials relative to him, and attempted to justify his need for the documents on the basis that he must "verify" which violations occurred. In reality, Griggs' request is nothing but a request for authorization to engage in a fishing expedition with the hope that he might turn up relevant evidence. *See In re EyeCare Physicians of Am.*, 100 F.3d at 518 (citing *Lucas*, 725 F.2d at 1101). As the Seventh Circuit has concluded, "a demand for all transcripts of all testimony is a fishing expedition, which Rule 6(e) forbids." *Campbell*, 324 F.3d at 499. Not only has Griggs failed to tailor his request for only the grand jury transcripts so needed, but his excuse that he needs to verify the contents of the grand jury proceedings does not adequately

11

explain why he is unable to structure his request in a limited fashion. Because the particularity of the materials sought is wholly lacking from Griggs' request, it must be denied.

        4)         <u>*Dennis v. United States*, 384 U.S. 855 (1966)</u>

To the extent that Griggs relies on *Dennis v. United States*, 384 U.S. 855 (1966) for his position that disclosure is proper, the Court finds the case distinguishable. In *Dennis*, it was held to be an abuse of discretion for a district court in a criminal trial to refuse to disclose to the defendants the grand jury testimony of four key government witnesses, who some years earlier had appeared before a grand jury investigating activities of the defendants and whose trial testimony was largely uncorroborated. *Dennis*, 384 U.S. at 872-73. In *Dennis*, the defense moved for production or *in camera* inspection of the grand jury testimony of the four (out of eight) government witnesses at the first trial; but, the request was denied. *Id.* at 868. On retrial, the defense objected to the testimony of the government witnesses on the ground that the defendants still had not been permitted to examine, or have the trial judge examine, the transcript of the witnesses' grand jury testimony; but, the request was denied again. *Id.* On appeal, the Government conceded that the importance of preserving the secrecy of the grand jury minutes was minimal, and admitted that based on the persuasiveness of the arguments advanced in favor of disclosure, it could not fairly be said that the defense failed to make out a 'particularized need.' *Id.* at 871-72. Importantly, the defendants in *Dennis* had shown it to be likely that the witnesses' testimony at trial was inconsistent with their prior grand jury testimony. *Id*. at 873. Ultimately, the Supreme Court concluded that "it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact[s]," and it could not accept the view that it was "safe to assume no inconsistencies would have come to light if the grand jury testimony had been examined" as there was "no justification for relying upon the

assumption." *Id.* at 873-74.

The circumstances of *Dennis* are unlike the circumstances presented in the instant case. Here, Griggs does not establish that the evidence he seeks was previously requested at trial and denied, or that it was not available to him through the exercise of due diligence. Also unlike the defendants in *Dennis*, Griggs does not narrow his request to the testimony of certain witnesses, and he has not demonstrated to this Court that particular trial testimony is likely to vary from grand jury testimony. Furthermore, instead of conceding the argument, the Government maintains that Griggs' unfounded allegations do not show a particularized need outweighing the need to preserve the secrecy of the grand jury proceedings—and the Court agrees. To reiterate, Rule 6(e) requires that in order for a party to gain access to normally inaccessible transcripts of proceedings before the grand jury, a defendant must show that "a ground may exist to dismiss the indictment." Fed. R. Crim. P. 6(e)(3)(E). Griggs does not specify what particular ground may exist to dismiss the indictment, instead, he only speculates that the entirety of the grand jury proceedings may contain useful information. Griggs has not demonstrated a compelling or particularized need to examine the grand jury materials he requests. In fact, if the Court were to accept Griggs' conclusory allegations, without more, essentially any defendant would be allowed to access the grand jury proceedings without the required showing—exactly what Rule 6(e) and the Seventh Circuit instruct against. "Bald assertions cannot replace the specific and detailed averments of fact sadly lacking in this case." *Lucas*, 725 F.2d at 1105 (emphasis added).

Given the public trial and the proceedings before the Seventh Circuit in this case, Griggs has not established that he needs the grand jury materials to promote the proper administration of criminal justice. When all is considered, the Court has no reason to believe that if the facts were

13

more fully developed and disclosure was ordered, Griggs would be able to demonstrate that he is entitled to relief on the basis presented. *See Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990) (good cause for discovery in a habeas proceeding does not exist when the facts alleged do not provide a basis for relief). Because Griggs' sweeping request for documents based on factually unsupported allegations does not establish a particularized need for disclosure that is greater than the need for continued secrecy, the Court is not permitted to give authorization for grand jury disclosure, nor will it *sua sponte* review the grand jury proceedings to verify the alleged baseless improprieties and shortcomings. *See Jumah*, 599 F.3d at 810 ("[t]he district court certainly was not obligated to conduct an *in camera* review [of undisclosed *Brady* or *Giglio*[4] material] *sua sponte*"); *Lucas*, 725 F.2d at 1109 (once a showing of particularized need is made, then the district court will be required to view some of the grand jury materials *in camera* before making a determination of whether or not disclosure is warranted for specific materials). Based on the failure to meet the requisite showing, the Court will not lift the veil of secrecy even "discretely and limitedly" for use in subsequent proceedings. *Lucas*, 725 F.2d at 1101.

**B)** **Indictment**

Of final note, Griggs also requested a copy of his indictment [DE 547], again for the purposes of preparing his § 2255 petition. Because the precise claims that Griggs will ultimately raise in any future § 2255 petition is unknown at this time, and in light of Griggs' representation that he has been unable to obtain a copy of his indictment from his trial counsel, the Court will grant Griggs' request in an attempt to ensure that this indigent Defendant has an adequate opportunity to present his claims fairly. *See Rush v. United States*, 559 F.2d 455, 458-59 (7th Cir. 1977).

---

[4]*Giglio v. United States*, 405 U.S. 150 (1972).

### III. Conclusion

Griggs' sweeping request for grand jury materials does not adequately justify the response he seeks, and the request is DENIED [DE 546]. Griggs' request for a copy of his indictment is GRANTED [DE 547], and the Clerk is DIRECTED to send Griggs a copy of the indictment [DE 1] to his mailing address free of charge.

SO ORDERED.

ENTERED: November 3, 2010

/s/ JON E. DEGUILIO
Judge
United States District Court